DA 11-0694

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 247N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JONATHAN ANTHONY SISNEROS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 10-416
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski, Assistant
          Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
          Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney; David Carter and Christopher
          Morris, Deputy County Attorneys, Billings, Montana

Submitted on Briefs:  October 10, 2012
Decided:  October 30, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jonathan Anthony Sisneros (Sisneros) appeals the District Court's order denying his motion to dismiss for lack of a speedy trial. We affirm.

¶3 The State charged Sisneros with felony kidnapping on August 4, 2010. The District Court originally appointed Matthew Claus, public defender, to represent Sisneros. Claus represented Sisneros for one month. Sisneros grew dissatisfied with Claus's representation. Sisneros then hired Erik Moore in September 2010. Moore withdrew as counsel on October 12, 2010. Moore explained to the court that he could not work effectively with Sisneros.

¶4 The court held three separate status hearings after Moore withdrew to ensure that Sisneros would receive new counsel. Sisneros indicated at the first hearing that he wanted a new public defender. The court advised Sisneros that new counsel probably would not be ready to go to trial on the scheduled date of one month after the hearing. The public defender's office explained at the third hearing that Sisneros's case had been assigned to a new attorney in the office. Sisneros had complained about the assignment of counsel, so the public defender's office had assigned Sisneros's case to contract counsel, Garth McCarty. The court continued the trial date to allow McCarty time to prepare. Sisneros complained

about the continuance, but the court explained that it was the only option in light of Sisneros's desire to be represented by new counsel at trial.

¶5    McCarty filed notice on November 8, 2010, in which he informed the court that the case had been assigned to him. McCarty filed many documents on Sisneros's behalf over the next two months, including six motions, demand for discovery, and a motion to continue. McCarty requested a continuance of the November 30, 2010, trial date on the grounds that he needed additional time to prepare. The State did not object to the continuance "so long as speedy trial is tolled during the time of the continuance." McCarty attached a Waiver of Speedy Trial signed by Sisneros.

¶6    The court held a hearing on March 7, 2011, to address Sisneros's motion to suppress statements that he had made to officers. McCarty requested a brief continuance on Sisneros's behalf of the March 23, 2011, trial date based upon the need to interview additional witnesses to ensure that he had received all discovery. Sisneros refused to waive his right to a speedy trial at that time. The court nevertheless reset the trial date for April 19, 2011. The State then filed a motion to continue on the basis that the prosecutor had a longstanding commitment on April 19, 2011, and would not be available for trial on that date. The court reset the trial for June 21, 2011.

¶7    The court held a hearing on May 3, 2011, to determine the status of Sisneros's counsel. McCarty informed the court that he was moving to withdraw because the attorney-client relationship had become irretrievably broken. Sisneros complained that he had not received discovery from the State and that "everybody is up against me," including McCarty.

3

Sisneros filed a complaint against McCarty with the Office of Disciplinary Counsel. The State opposed McCarty's motion to withdraw.

¶8      McCarty responded to Sisneros's complaint by informing the court that the State had acted in good faith regarding discovery. The court noted that it appeared McCarty had provided aggressive representation for Sisneros. The court informed Sisneros that the public defender's office might not assign new counsel if McCarty withdrew. The court explained to Sisneros the difficulties of representing himself and urged him to reconsider his decision. Sisneros elected to represent himself and the court ordered McCarty to stay on as standby counsel.

¶9      The court held another status hearing on June 2, 2011, to address Sisneros's pro se status. Sisneros informed the court that he was entitled to counsel and that he would not represent himself at trial. Sisneros argued that the waiver that he had executed on November 8, 2010, required that he be tried within six months of the date of the waiver. Sisneros argued that the case should be dismissed because "all my rights have been violated."

¶10     The court informed Sisneros that it would appoint new counsel, but warned Sisneros that he would have to go to trial with a new attorney or represent himself. With respect to Sisneros's speedy trial complaints, the court stated:

> [A]s far as dismissing your case, I'm not going to do that generally for the reasons outlined by Mr. Carter. You waived your right to a speedy trial from the trial that was set on November 30th of 2010 through the next trial date that was set March 23rd, 2011. The time from June 20th until the new trial date will also be attributable to you.

> In the meantime for whatever your reasons of either speedy trial analysis, that's denied.

The court reset Sisneros's new trial date for September 26, 2011. Lisa Bazant represented Sisneros. Sisneros raised multiple complaints about Bazant's representation. The case finally concluded and the jury convicted Sisneros of the lesser included offense of misdemeanor unlawful restraint. Sisneros appeals.

¶11 Sisneros argues on appeal that the court failed to analyze the four factors from *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815, in dismissing his speedy trial claim. Sisneros further contends that the court failed to provide findings of fact as required by *Ariegwe*. The State argues that Sisneros did not raise a specific speedy trial claim that would trigger the requirements of *Ariegwe*. The State noted Sisneros had not cited any authority or provided any analysis involving the four factors of the speedy trial test and thus the District Court did not need to address these factors. The State points out that the prosecutor responded to Sisneros's arguments at the final hearing and the District Court denied Sisneros's claim based upon the prosecutor's argument.

¶12 We review a district court's denial of a motion to dismiss for lack of a speedy trial to determine whether the district court's findings of fact were clearly erroneous. *Ariegwe*, ¶ 119. Whether the factual circumstances establish a speedy trial violation presents a question of law. *Ariegwe*, ¶ 119. We review de novo a district court's conclusion of law. *Ariegwe*, ¶ 119.

5

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the record and the briefs before us that substantial evidence supports the District Court's implicit findings, as set forth in the prosecutor's argument, and that the District Court correctly applied controlling law to these facts.

¶14     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER